OPINION OF THE COURT
Per Curiam.
Final judgment entered December 4, 1987 affirmed, with $25 costs.
Section 2204.6 (d) of the New York City Rent and Eviction Regulations (9 NYCRR) provides that upon the death of a *312 rent-control tenant, the landlord may not evict "either the surviving spouse of the deceased tenant or some other member of the deceased tenant’s family who has been living with the tenant” (emphasis supplied). In Braschi v Stahl Assocs. Co. (74 NY2d 201, 211), the Court of Appeals broadly construed the term "family” as used in the above regulation to include those persons whose "relationship is long term and characterized by an emotional and financial commitment and interdependence”, regardless of whether such persons share a jural or legally solemnized familial relationship. Applying that standard here, we find ample support in the record for the finding made by Civil Court — whose decision (2-4 Realty Assocs. v Pittman, 137 Misc 2d 898) was cited with approval by the plurality in Braschi — that respondents, mother and son, lived for many years as a "family” with the (now) deceased statutory tenant in the rent-controlled apartment. Accordingly, we affirm the dismissal of the holdover petition.
Sandifer, Parness and Miller, JJ., concur.